UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
OLIVIA N. SERDAREVIC, M.D.,                 :
                                            :    06 Civ. 7107 (DLC)
                        Plaintiff,          :
                                            :    MEMORANDUM OPINION
            -v-                             :       AND ORDER
                                            :
ADVANCED MEDICAL OPTICS, INC., FRANCIS :
A. L'ESPERANCE, JR., M.D., STEPHEN L.        :
TROKEL, M.D., and VISX, INC.,               :
                                            :
                        Defendants.         :
------------------------------------ X

DENISE COTE, District Judge:

        Through this action, the plaintiff Olivia N. Serdarevic

asserts that she was a co-inventor in the early 1980s of

technology associated with eye surgery.  The patents for the

technology issued between 1987 and 1998, but did not identify

the plaintiff as an inventor.  Serdarevic filed this action on

September 15, 2006, and after she had twice amended her

complaint, the defendants successfully moved for summary

judgment on the ground that each of her claims were barred by

laches or the statute of limitations.  Serdarevic v. Advanced

Medical Optics, Inc., No. 06 Civ. 7107 (DLC), 2007 WL 2774177

(S.D.N.Y. Sept. 25, 2007).

        Having won dismissal of this litigation, on October 9,

2007, defendants moved for an award of attorney fees pursuant to

35 U.S.C. § 285 on the ground that this is an exceptional case.

They contend that there is clear and convincing evidence that Serdarevic knew that her claims were frivolous when she filed them, or at least by the time of the initial conference in this case, since she was well aware that the defendants would be able to show that the claims were either time-barred or subject to dismissal under the doctrine of laches.

The decision to award attorney fees is not automatic and should only be made after a careful evaluation of the "totality of the circumstances."  <u>Yamanouchi Pharm. Co., Ltd. v. Danbury Pharm., Inc.</u>, 231 F.3d 1339, 1347 (Fed. Cir. 2000).  This motion rests on the theory that the plaintiff should have understood that her claims were frivolous because of the affirmative defenses on which the defendants would prevail.  While there may be circumstances in which an award fees because of the strength of an affirmative defense is appropriate, in an exercise of discretion, this Court declines to enter such an award here. Among other things, this case was dismissed within roughly one year of its filing, without the defendants having to participate in any discovery.  The financial burdens on the defendants have therefore been relatively limited.

CONCLUSION

The defendants' October 9, 2007 motion for attorney fees is denied.

SO ORDERED:

Dated:     New York, New York
           December 20, 2007

                                    _____
                                         DENISE COTE
                                    United States District Judge